**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARL EMERSON SLOAN,<br><br>    Petitioner,<br><br>vs.<br><br>LOUIS WINN,<br><br>    Respondent. | No. CIV 07-603-TUC-CKJ<br><br>**ORDER** |

    Pending before the Court is Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. Respondent has filed a Return and Answer and Petitioner has filed a Reply.

*Factual and Procedural Background*

    On July 28, 2003, Petitioner Carl Emerson Sloan ("Sloan") was sentenced to a one year and one day term of incarceration for a violation of supervised release in the United States District Court for the Central District of California. Sloan's sentence was ordered to be served consecutively to the sentence he was currently under, a sentence imposed by the State of Tennessee, Court of DeKalb.

    Sloan was committed to federal custody on May 15, 2007. Sloan was incarcerated at FCI Tucson, Arizona, at the time of the filing of the Petition. However, the Bureau of Prisons Inmate Locator indicates that Sloan was released from federal custody on March 28,

2008.[1]

On November 15, 2007, Sloan filed his Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. Sloan asserts that additional time spent in custody should be credited against his federal sentence. On December 20, 2007, Respondent filed a Return and Answer. On December 28, 2007, Sloan filed a Reply.

*Jurisdiction of the Court*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), *quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). In the case of a habeas petition, such jurisdiction is dependent upon a proper characterization of the petition.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location or condition of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez*, 204 F.3d at 864. Therefore, this Court's jurisdiction depends upon a proper characterization of Sloan's claims. Sloan is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted). Such a challenge must be brought pursuant to § 2241 in the custodial court.

However, the Bureau of Prisons Inmate Locator indicates that Sloan was released from federal custody on March 28, 2008. Sloan does not challenge the validity of his conviction in his Petition; rather, Sloan only challenges the execution of his sentence – the

---

[1]The Court notes that on February 29, 2008, Sloan filed a Notice of Change of Address which indicated that his residence, at that time, was the New Beginnings CCC.

- 2 -

1  failure to receive additional time credits has resulted in his release from custody being
2  delayed.[2]  Sloan having already been released from custody, the Petition is now moot and
3  dismissal is appropriate.  *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30
4  L.Ed.2d 413 (1971) ("federal courts are without power to decide questions that cannot affect
5  the rights of litigants in the case before them"); *Mitchell v. Dupnick*, 75 F.3d 517, 528 (9th
6  Cir. 1996); *Fendler v. U.S. Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (finding that
7  release of petitioner on parole mooted his petition seeking earlier release date on the grounds
8  contending that Parole Commission had improperly delayed his release date).

Accordingly, IT IS ORDERED:

1. The Clerk of the Court is directed to correct the caption to indicate the correct name of Respondent is Louis Winn.
2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED AS MOOT.
3. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 3rd day of February, 2009.

_____
Cindy K. Jorgenson
United States District Judge

---

[2]Where a habeas petition challenges the validity of a conviction, the petition is not mooted by the petitioner's release from custody because of the continuing collateral detriment of petitioner having a conviction on his record. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).